**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-4427**

———————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

BERNY ALONSO NUNEZ,

                Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:12-cr-00328-FDW-1)

———————————

Submitted: November 25, 2014     Decided: December 19, 2014

———————————

Before KING, SHEDD, and HARRIS, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Denzil H. Forrester, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Berny A. Nunez pled guilty, without the benefit of a written plea agreement, to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2012).[*] Based on a total offense level of 33, and a Criminal History category of I, Nunez's advisory Guidelines range was 135-168 months' imprisonment. At sentencing, the district court found that Nunez qualified for the safety valve provision and lowered his total offense level to 29, with a resulting advisory Guidelines range of 87 to 108 months' imprisonment. The court imposed an 87-month sentence, below the statutory mandatory minimum sentence of 120 months. Nunez noted a timely appeal.

Nunez's counsel has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred in failing to require the prosecution to disclose, at Nunez's guilty plea hearing, that he might qualify for the safety valve reduction. Although advised of his right to file a pro se supplemental brief, Nunez has not done so.

---

[*] Counsel's brief states that Nunez signed a plea agreement containing a waiver of his right to a direct appeal. The record discloses, however, that Nunez pled guilty without a plea agreement.

2

Because Nunez did not move in the district court to withdraw his guilty plea, the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To establish plain error, Nunez must demonstrate that (1) the district court committed an error; (2) the error was plain; and (3) the error affected his substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126 (2013). In the guilty plea context, a defendant meets his burden of demonstrating that an error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the Rule 11 omission. United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009).

We find that Nunez cannot show error, let alone plain error, in the context of his Rule 11 hearing. Counsel argues that the Government's attorney should have been required to mention the safety valve possibility during the Rule 11 hearing. But there is no such requirement under Rule 11, and Nunez has provided no authority suggesting otherwise. In any event, because Nunez was given the benefit of the safety valve provision at sentencing, any hypothetical error would have been harmless.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Nunez's conviction and sentence. This court

requires that counsel inform Nunez, in writing, of the right to petition the Supreme Court of the United States for further review. If Nunez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Nunez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4